47723, 47724. FIELDS et al. v. SHEPHERD
CONSTRUCTION COMPANY, INC. (two cases).

HALL, Presiding Judge.  Husband and wife plaintiffs in
actions for personal injury to the wife appeal from the
grant of summary judgment for one of the defendants,
Shepherd Construction Company.

Plaintiff-wife was injured when a DeKalb County asphalt
truck collided with and overturned upon her
automobile. There seems to be no dispute that the
immediate, factual cause of the occurrence was a total
failure of the truck's brakes due to overloading. The
issue involved in the motion for summary judgment is
one of applying the facts to the concept of proximate
cause, i.e., whose acts or omissions, either solely or
concurrently, were responsible for the overloading?
The defendants are the truck driver, DeKalb County
and Shepherd Construction Company, owner of the
asphalt plant where the driver had just filled his truck.
This defendant contends that the undisputed facts
show that it had no control over, nor responsibility for,
the loading of the truck—that it had no knowledge of
the load capacity of any truck and that the amount of
asphalt dropped into any truck was a matter for the
sole determination of its driver.

We do not agree that the facts demand this conclusion.
The driver testified on deposition that he had no
instructions on how much to pick up— just a "load";
that he did not know the safe maximum capacity of the
truck; that as a matter of practice he merely drove
under the chute and waited until the truck was "full";
that he did not know how many 3-ton batches it took
to "fill" it; and that he more or less relied upon the mix
operator up above to stop sending it down when the
truck was "full."

The mix operator testified that he did not know the

capacity of any given truck; that the drivers did not ask him for any specified amount; that he did not watch the trucks but just kept mixing and dumping 3-ton batches until the truck below drove off; and that if a truck stayed there, he would probably fill it to overflowing. Both men agree that they had no verbal contact with one another during the loading process, nor any other form of signal. Expert testimony established that the overload was at least 5,900 lbs. over maximum safe capacity. It is also undisputed that Shepherd and the county had no agreement with one another concerning loading practices and responsibility, nor had they issued any meaningful instructions to their employees on the subject.

Based on the record upon summary judgment, there are jury questions of whether Shepherd's loading procedure was negligent, whether it was a concurring proximate cause of the overloading and whether this was the proximate cause of the injury.

*Judgment reversed. Evans and Clark, JJ., concur.*

ARGUED JANUARY 4, 1973 — DECIDED FEBRUARY 2, 1973.

*Peek, Whaley & Haldi, William H. Whaley, Henning, Chambers & Mabry,* for appellants.
*Gambrell, Russell, Killorin, Wade & Forbes, David A. Handley, Robert B. Wedge,* for appellee.